FILED
2022 Feb-03  AM 11:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| ERIC LENELL JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-201-LSC-GMB |
| | ) | |
| WARDEN DEBORAH TONEY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Petitioner Eric Lenell Johnson filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and 10-year sentence for second-degree sodomy. Doc. 1 at 1–2.  On January 6, 2022, the Magistrate Judge entered a report and recommendation pursuant to 28 U.S.C. § 636(b) recommending that habeas relief be denied. Doc. 14.  Johnson filed timely objections to the report and recommendation. Doc. 15.  After a careful *de novo* review, the court concludes that Johnson's objections are due to be overruled.

## I. JOHNSON'S OBJECTIONS

Johnson raises 27 individually numbered objections to the report and recommendation. Doc. 15 at 1–7.  Many of the objections overlap and some are simple pronouncments of law without any application to the issues presented in the petition.  For clarity, the court divides Johnson's objections into five categories:

(1) claims preclusion, (2) the age of the victim, (3) ineffective assistance of counsel, (4) actual innocence, and (5) error based on *Martinez v. Ryan*, 566 U.S 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013).  The court addresses each objection below.

## A.   Claims Preclusion

Johnson asserts that the Magistrate Judge erred in finding some of his claims unexhausted and procedurally barred. Doc. 15 at 4.  Specifically, the Magistrate Judge found the following claims procedurally barred: (1) claims alleging ineffective assistance of counsel regarding the Presentence Investigation Report ("PSI"); (2) claims that he was unrepresented for 14 days because of the suspension of his first trial counsel, William Underwood; and (3) claims that a false statement from his victim unlawfully induced his guilty plea. Doc. 14 at 18–21.  Johnson contends that he "gave the state courts one full round of all claims/issues." Doc. 15 at 4.  This allegation is not supported by the record.

A federal habeas petitioner must present all of his claims to the state courts before he may present them to the federal courts. *See* 28 U.S.C. § 2254(b)(1) and (c); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."); *Smith v. Sec'y, Dep't of Corrs.*, 572 F.3d 1327, 1342 (11th Cir. 2009) (holding that an issue that was not properly presented to the state court and which can no longer be litigated under

state procedural rules is considered procedurally defaulted, meaning that it is barred from federal review).  The Magistrate Judge found that Johnson did not raise any of these issues in either of his Rule 32 petitions (Doc. 14 at 18–19, 20) and Johnson has not pointed to any evidence in the record that is inconsistent with this finding.  After a review of Johnson's Rule 32 petitions, the court agrees with the Magistrate Judge.  Therefore, these objections are due to be overruled.

## B.   The Age of the Victim

Johnson contends the indictment "indicated that the victim was over 16 years of age and definitely over 12 year of age when the crime occurred." Doc. 15 at 1–2. Johnson is mistaken.  The indictment states that Johnson "did engage in deviate sexual intercourse with another person, to-wit: M.W.R. . . . who was less than 16 years old and more than 12 years old." Doc. 5-1 at 28; *see also* Doc. 5-1 at 36–37. Accordingly, this objection is due to be overruled.

Johnson next asserts his victim was 34 years old at the time of the indictment and therefore the statute of limitations should have barred his indictment.[1] Doc. 15 at 6.  This objection is meritless for multiple reasons.  First, it is premised on an immaterial fact.  As explained by the Magistrate Judge, "[t]he victim's age at the

---

[1] The court also rejects Johnson's argument that the Alabama Code did not criminalize second-degree sodomy at the time of his crime in 1995. Doc. 15 at 6–7.  Sodomy in the second degree, as defined by Alabama Code § 13A-6-64, was adopted by the Alabama Legislature in its current form in 1979. *See* Alabama Act 1979-471.

time of Johnson's indictment is irrelevant to the charged crime.  The pertinent inquiry is the age of the victim at the time of the offense, and the evidence is undisputed that the victim was 13 years old at the time" of the offense. Doc. 14 at 30–31 (citing Doc. 5-1 at 36–37).  Second, Johnson's statute of limitations argument is legally incorrect.  Alabama law states that no limitation period exists for the prosecution of certain offenses, including "any sex offense pursuant to Section 15-20A-5." Ala. Code § 15-3-5(a)(4).  Second-degree sodomy, the crime for which Johnson plead guilty, is one of the sex enumerated offenses in § 15-20A-5. *See* Ala. Code § 15-20A-5(4).  Johnson's objections to the age of the victim and the application of the statute of limitations are due to be overruled.

## C.    Ineffective Assistance of Counsel

Johnson raises multiple objections relating to the assistance Underwood provided to him. Doc. 15 at 2–6.  The court divides these objections into two categories: (1) general objections and (2) objections about the PSI.

### 1.    *General Ineffective Assistance Objections*

Johnson first argues that Underwood's illegal activities occurred around the same time as his arraignment and plea hearing such that he was "without counsel for a period of time." Doc. 15 at 2.  Next, he argues that Underwood provided ineffective assistance at his guilty plea because of Underwood's illegal activities. Doc. 15 at 3, 4.  He also asserts that Underwood was ineffective because he did not thoroughly

investigate the facts of the case.[2] Doc. 15 at 2, 5.  Johnson maintains that he was prejudiced by Underwood's ineffective assistance because "he pled guilty to fabricated evidence." Doc. 15 at 6.

First, as discussed above, most of Johnson's ineffective assistance of counsel claims are procedurally defaulted.  The only ineffective assistance claim that was not defaulted is Johnson's claim that he received ineffective assistance at the arraignment and plea hearing because Underwood was preoccupied with his own legal issues. Doc. 14 at 18–19, 20, 26.  The court, therefore, addresses only Johnson's objections to the Magistrate Judge's merits determination of that ineffective assistance of counsel claim.

When a petitioner raises claims of ineffective assistance of counsel, the court applies the two-prong standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland* requires a petitioner to establish (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 688 & 694.  Only when the lawyer's errors were "so serious that counsel was not functioning as the counsel guaranteed . . . by the

---

[2] Johnson also objects to Underwood's failure to investigate the statute of limitations. Doc. 15 at 2.  As explained above, Johnson's statute of limitations argument is meritless.  His counsel cannot be deficient for failing to raise a meritless argument. *See Chandler v. Moore*, 240 F.3d 907, 917–18 (11th Cir. 2001) (holding that "counsel was not ineffective for failing to raise a nonmeritorious issue").

5

Sixth Amendment is *Strickland*'s first prong satisfied." *Buck v. Davis*, 137 S. Ct. 759, 775 (2017).  And because Johnson pled guilty, the second prong of *Strickland* demands more than his conclusory and generic allegations that his trial counsel should have done something more for his defense. *See, e.g., Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (requiring specific, non-conclusory allegations in a habeas petition); *Whatley v. Warden, Ga. Diag. & Class. Ctr.*, 927 F.3d 1150, 1175 (11th Cir. 2019) (holding that "[i]t is not enough to show that the errors had some conceivable effect on the outcome of the proceeding").

Furthermore, where a state court resolves the merits of an ineffective assistance of counsel claim, federal review under *Strickland* results in a "doubly deferential standard" allowing "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quotation marks and citation omitted).  "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect, but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Johnson's objections do not establish that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002).  In fact, Johnson does not identify any specific action by his counsel which has any factual support and caused prejudice, or even one that

impacted his decision to plead guilty.  Rather, Johnson's entire ineffective assistance argument presumes that his counsel's representation was constitutionally deficient because his counsel was indicted for unrelated conduct occurring around the same time period.  Johnson, however, bears the burden of demonstrating specific actions or inactions by his trial counsel that impacted his decision to plead guilty.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  This he has not done.  Instead, he relies on conclusory allegations that his trial counsel should have done something more or differently.  These allegations do not provide a basis for relief. *See Chavez*, 647 F.3d at 1061; *Whatley*, 927 F.3d at 1175.   For these reasons, Johnson's objections regarding his general ineffective assistance of counsel claims are due to be overruled.

### 2.    PSI

Johnson also contends that his counsel was ineffective in failing to consider, read, or study the PSI with him. Doc. 15 at 5.  This objection is different from the claim Johnson raised in his habeas petition.  In his petition, Johnson claimed that counsel was ineffective because he "failed to ascertain the fact that [Johnson] did not have a PSI." Doc. 1 at 10.  Because Johnson is attempting to raise this argument for the first time in his objections, the court will not consider it.[3] *See Williams v.*

---

[3] This claim is refuted by the record in any event.  The sentencing hearing transcript reveals that the trial court and Johnson's counsel discussed the PSI, and counsel affirmed that he had reviewed

*McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009); *Patrick v. Warden*, 828 F. App'x 518, 521–22 (11th Cir. 2020); *Shepherd v. Corizon, Inc.*, 2013 WL 1561513, at *1 (S.D. Ala. Apr. 12, 2013) (citing *Williams*, 557 F.3d at 1291–92) (noting the potential for "gamesmanship" if "litigants foist on district courts arguments and evidence they neglected to present to the magistrate judge"); *see also* Doc. 15 at 32 (advising the plaintiff that "[o]bjections should not contain new allegations, present additional evidence, or repeat legal arguments"). This objection is due to be overruled.

**D.    Actual Innocence**

Johnson argues that "actual innocence claims are not time barred and can be raised for the first time in a habeas [petition]." Doc. 15 at 5. He contends that "a miscarriage of justice has occurred" (Doc. 15 at 5) and that "[t]he court has never considered the facts of the case . . . thus the court has erred by not ruling that Johnson is actually innocent of the crime." Doc. 15 at 6. Johnson's objections conflate actual innocence, procedural default, and the Magistrate Judge's findings.

To begin with, habeas relief is unavailable for a prisoner's assertion that he is actually innocent of the crime of conviction "absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Brownlee v. Haley*,

---

it with Johnson. Doc. 9-2 at 2–3. Johnson did not object to this statement or notify the court that counsel had not reviewed the PSI with him.

306 F.3d 1043, 1065 (11th Cir. 2002) (citation and internal quotation marks omitted); *see also Cunningham v. Dist. Attys. Office*, 592 F.3d 1237, 1273 (11th Cir. 2010) ("[An] assertion of actual innocence, by itself, is not enough."). As the Eleventh Circuit has explained, "[i]t is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial." *Brownlee*, 306 F.3d at 1065. And the Supreme Court has never held that a prisoner is "entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

This being said, a prisoner may assert actual innocence to overcome a procedural bar that would otherwise prevent a federal court from hearing his claim on the merits. *See Sawyer v. Whitley*, 505 U.S. 333, 338–39 (1992); *Herrera v. Collins*, 506 U.S. 390, 404 (1993). That is exactly what happened here with respect to the claims the Magistrate Judge found to have been procedurally defaulted.[4] Doc. 14 at 22–23. Upon review of Johnson's claims of actual innocence, the Magistrate Judge found that he failed to establish a fundamental miscarriage of justice because he did not explain why he could not have raised the claims in his first Rule 32 petition or shown any actual prejudice. Doc. 14 at 22–23. The Magistrate Judge also

---

[4] Additionally, as to Johnson's claim of ineffective assistance of counsel that the Magistrate Judge did address on the merits but ultimately rejected (Doc. 14 at 26–30), the Magistrate Judge did not need to consider Johnson's claim of actual innocence. The Magistrate Judge excused Johnson's procedural default and found that it was "manifestly unfair to apply the procedural bar of Rule 32.2(d) to Johnson's ineffective assistance of counsel claim relating to Underwood's illegal activity." Doc. 14 at 18.

explained that Johnson failed to prove that he is actually innocent of the crimes for which he plead guilty. Doc. 14 at 22–23. Johnson has not established that these findings were erroneous. For these reasons, Johnson's objections to the Magistrate Judge's alleged failure to consider his actual innocence argument are due to be overruled.

**E.    *Martinez* and *Trevino***

Johnson alleges the Magistrate Judge sidestepped his obligation to consider Johnson's claims under *Martinez* and *Trevino*. Doc. 15 at 6. Johnson is incorrect. Instead, the Magistrate Judge found that these cases do not provide an avenue for Johnson to raise his unexhausted claims. Doc. 14 at 19 n.13. That conclusion is correct.

As explained by the Supreme Court in *Davila v. Davis*, 137 S. Ct. 205, 2062–63 (2017),

> In *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), this Court announced a narrow exception to *Coleman*'s general [procedural default] rule. That exception treats ineffective assistance by a prisoner's state postconviction counsel as cause to overcome the default of a single claim—ineffective assistance of trial counsel—in a single context—where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal.

Alabama law, however, allows litigants to advance ineffective assistance of counsel claims on direct appeal. *See Williams v. State*, 2017 WL 3976601, at *3 (11th Cir. Aug. 2, 2017) ("Alabama does not bar a prisoner from raising [a claim of ineffective

assistance of trial counsel] on direct appeal . . . .  Instead, 'any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable'") (quoting Ala. R. Crim. P. 32.2(d)).  Because Alabama law allows ineffective assistance claims on direct appeal, *Martinez* and its progeny are inapposite.  Therefore, this objection is due to be overruled.

## II. CONCLUSION

Having carefully reviewed and considered *de novo* all of the materials in the court file, including the Magistrate Judge's report and recommendation and Johnson's objections, the court is of the opinion that the Magistrate Judge's findings are due to be and are hereby ADOPTED and his recommendation is ACCEPTED. Johnson's objections (Doc. 15) are OVERRULED.  Accordingly, the petition for writ of habeas corpus is due to be DISMISSED WITH PREJUDICE.  Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is due to be DENIED. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); Rule 11(a), *Rules Governing § 2254 Proceedings*.  A final order will be entered.

**DONE** and **ORDERED** on February 3, 2022.

_____
L. Scott Coogler
United States District Judge

160704